IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.                                          **CIV-07-0153 JP/LAM**
                                            **CR-05-2712 JP**

ANTONIO OCHOA-LOPEZ,

      Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant-Movant Antonio Ochoa-Lopez' *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (hereinafter "*Motion*")[2] *(Doc. 1)*, filed on February 15, 2007.  In response to the *Motion*, Plaintiff-Respondent filed *United States' Response to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (hereinafter "*Response*") *(Doc. 6)* on May 1, 2007.

Senior United States District Judge James Parker referred the claims raised in the *Motion* to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.[3]  Having considered the parties' submissions, relevant law, and the record in this case and

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-07-0153.

[3] *See* **Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases** *(Doc. 7)*.

Case No. CR-05-2712, the undersigned recommends, for the reasons set forth below, that the claims raised in Mr. Ochoa-Lopez's *Motion* be **DENIED** without an evidentiary hearing and that Case No. CIV-07-0153 be **DISMISSED with prejudice.**

### Factual and Procedural Background

According to the criminal complaint in the underlying criminal case, a concerned citizen informed the United States Border Patrol of two possible undocumented aliens departing a convenience store in Animas, New Mexico.[4]  Border Patrol agents followed footprints from the store to a nearby cornfield where they discovered ten burlap backpacks containing a total of 452.6 pounds (205.7 kilograms) of marijuana.[5]  Mr. Ochoa-Lopez and Jose Alfredo Perez-Saenz were near the backpacks.  They told the agents that they, along with eight other people, had brought the backpacks into the cornfield earlier that day.[6]  Mr. Ochoa-Lopez was subsequently charged with conspiracy to possess with intent to distribute 100 kilograms and more of marijuana, contrary to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.[7]  He pled guilty and was sentenced to sixty months in prison pursuant to a plea agreement.[8]  In the plea agreement, Mr. Ochoa-Lopez waived his right to appeal or to collaterally attack his conviction or sentence except on the issue of ineffective assistance of counsel.[9]

---

[4]*See Criminal Complaint (Doc.1)*, filed in Case No. MJ-05-6818/CR-05-2712.

[5]*Id.*

[6]*Id.*

[7]*See Information (Doc. 12)*, filed in Case No. CR-05-2712.

[8]*See Plea Agreement (Doc. 15)* at 2, and *Judgment (Doc. 19)* at 2, filed in Case No. CR-05-2712.

[9]*See Plea Agreement (Doc. 15)* at 5, filed in Case No. CR-05-2712.

## Discussion

In his ***Motion***, Mr. Ochoa-Lopez claims that his trial counsel was ineffective.[10]  To prevail on this claim, he must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that counsel's performance fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 687-88.  Second, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.

"In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial."  *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)), *cert. denied*, 126 S. Ct. 2318 (2006).  In the sentencing context, a defendant must establish a reasonable probability that, absent counsel's error, he would have received a lesser sentence.  *See Glover v. United States*, 531 U.S. 198, 200, 202-204 (2001).

Although the ***Motion*** lists four grounds for relief, the crux of the ***Motion*** is that the presentence report incorrectly attributed the entire 205.7 kilograms of marijuana to Mr. Ochoa-Lopez.[11]

---

[10]*See Motion (Doc. 1)* at 4, 5, 7, and 8-9.  Because Mr. Ochoa-Lopez is proceeding *pro se*, his ***Motion*** must be construed liberally, but the Court cannot assume the role of advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Although the ***Motion*** includes generalized complaints about the failure to comply with Rule 32 of the Federal Rules of Criminal Procedure, the failure to object to factual findings in the pre-sentence report (hereinafter "PSR"), and a lack of sufficient evidence, the only specific allegations concern the amount of marijuana that was attributed to Mr. Ochoa-Lopez.  *See Motion (Doc. 1)* at 4, 5, 7, and 8-9.  The analysis below is confined to these specific allegations.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, . . . we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.").

[11]***Motion (Doc. 1)*** at 5 and 7.

He believes that he should only be held responsible for the 50 pounds that he carried on his back.[12] Mr. Ochoa-Lopez argues that his counsel should have objected to the PSR because the evidence was insufficient to attribute the entire 205.7 kilograms to him.[13]  He also asserts that his counsel failed to review the PSR with him.[14]

### First Prong: Counsel's Performance Was Not Unreasonable

Mr. Ochoa-Lopez stipulated in the written plea agreement that he was responsible for approximately 205 kilograms of marijuana.[15]  At his plea hearing, he stated under oath through an interpreter that the plea agreement had been read to him in Spanish and that he understood its terms.[16]

A stipulation to an evidentiary fact obviates the need to offer proof of the fact.  *Platt v. United States*, 163 F.2d 165, 168 (10th Cir. 1947).  Accordingly, the stipulation constituted sufficient evidence to attribute the entire 205.7 kilograms of marijuana to Mr. Ochoa-Lopez.  *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case."); *United States v. Newman*, 148 F.3d 871, 876 (7th Cir. 1998) ("By stipulating to the conduct listed in this plea agreement, [the defendant] conclusively admitted those facts and waived any subsequent challenge to them.") (citations omitted); *United States v. Big Medicine*, 73 F.3d 994, 997 (10th Cir. 1995)

---

[12]*Id.* at 7.

[13]*Id.* at 5.

[14]*Id.* at 4.

[15]*See **Plea Agreement** (Doc. 15)* at 3, filed in Case No. CR-05-2712.

[16]**Court's FTR Audio Recording of 12/21/05 Plea Hearing**, Case No. CR-05-2712, at 2:16 p.m. to 2:24 p.m. Plaintiff-Respondent cites to a transcript of this hearing at "2, 4, 5, and 7." *See **Response** (Doc. 6)* at 7-8.  The Court has listened to the FTR recording of the hearing in its entirety to confirm Mr. Ochoa-Lopez' testimony at the hearing.

("When a defendant stipulates to misconduct in a plea agreement, he must be sentenced as if he had been convicted of this misconduct."); *see also United States v. Koleski*, 33 Fed. App'x 471, 472 (10th Cir. 2002) (unpublished) ("A defendant's stipulation waives any challenge contrary to the stipulation.").

Mr. Ochoa-Lopez pled guilty to conspiring with others to possess with intent to distribute 100 kilograms and more of marijuana.[17]  Attributing to Mr. Ochoa-Lopez only the 50 pounds that he claims he carried on his back would be inconsistent with this guilty plea.  *See United States v. Dominguez-Carmona*, 166 F.3d 1052, 1058 n.3 (10th Cir. 1999), *overruled on other grounds by United States v. Meyers*, 200 F.3d 715, 721 n.3 (10th Cir. 2000).

Because there was no basis for challenging the attribution of the entire amount of marijuana to Mr. Ochoa-Lopez in the PSR, his attorney's failure to object on this basis was not unreasonable. *See Coleman v. Brown*, 802 F.2d 1227, 1234 (10th Cir. 1986) ("[T]he Sixth Amendment does not require that every possible motion be filed, but only those having a solid foundation."); *see also United States v. Dixon*, 1 F.3d 1080, 1083 n.5 (10th Cir. 1993) ("Failure to raise an issue that is determined not to have merit does not constitute constitutionally ineffective assistance of counsel."), *abrogated on other grounds by Florida v. White*, 526 U.S. 559 (1999).

Furthermore, the record indicates that counsel had no reason to attempt to withdraw the stipulation or to dissuade Mr. Ochoa-Lopez from entering into the stipulation in the first place.  At the plea hearing, the prosecutor recited what the Government would prove if the case proceeded to trial.  He stated that Border Patrol agents followed two sets of footprints until they found Mr. Ochoa-

---

[17]*See **Plea Agreement** (Doc. 15)* at 2, filed in Case No. CR-05-2712.

Lopez and another individual.[18]  In the immediate area, the agents found ten sets of footprints, which led to backpacks containing a total of approximately 205 kilograms of marijuana.  One of the sets of footprints belonged to Mr. Ochoa-Lopez. Mr. Ochoa-Lopez admitted under oath that the prosecutor's recitation of the facts was true.[19]  These facts and the facts in the criminal complaint suggest that the entire amount of marijuana could properly be attributed to Mr. Ochoa-Lopez.  *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.3 cmt. n.2(c)(8) (2007) ("Each defendant is accountable for the aggregate quantity of marihuana transported by the four defendants.").

As for Mr. Ochoa-Lopez's contention that his attorney did not review the PSR with him, that contention is belied by the transcript of the sentencing hearing.  The transcript reflects that Judge Parker asked Mr. Ochoa-Lopez whether the PSR had been read to him in Spanish and whether he had discussed it with his attorney.  Mr. Ochoa-Lopez responded affirmatively to both questions.[20]

### Second Prong: Mr. Ochoa-Lopez Suffered No Prejudice

In the plea agreement, the parties stipulated pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that sixty months of imprisonment was the appropriate sentence for Mr. Ochoa-Lopez.[21]  This is the statutory minimum sentence for Mr. Ochoa-Lopez's offense.  *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), 846.

If a court accepts a Rule 11(c)(1)(C) plea agreement, the court must impose the sentence stipulated to in the agreement.  *See* FED. R. CRIM. P. 11(c)(1)(C); *United States v. Graham*, 466 F.3d

---

[18]*Audio Recording of 12/21/05 Plea Hearing*, Case No. CR-05-2712, at 2:16 p.m. to 2:24 p.m.

[19]*Id.*

[20]*See Transcript of 3/21/06 Sentencing Hearing* at page 2, filed in Case No. CR-05-2712. Mr. Ochoa-Lopez also acknowledged that all of the statements of fact in the PSR were true.  *Id.*

[21]*See Plea Agreement (Doc. 15)* at 4, filed in Case No. CR-05-2712..

1234, 1239 (10th Cir. 2006).  In this case, Judge Parker sentenced Mr. Ochoa-Lopez to sixty months

of imprisonment in accordance with the agreement.[22]  Mr. Ochoa-Lopez thus cannot show that he

received a longer sentence because his counsel failed to object to the PSR or to review it with him.

*See Graham*, 466 F.3d at 1239-41; *see also United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir.

2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself,

not from the Guidelines, even though the court can and should consult the Guidelines in deciding

whether to accept the plea."), *cert. denied*, 546 U.S. 1097 (2006).  Furthermore, because he received

the sentence contemplated in the plea agreement, he has not shown that he would not have pled

guilty but for counsel's failure to object to the PSR or to review the PSR with him.[23]

<u>Conclusion</u>

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that Mr. Ochoa-Lopez's

*Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal*

*Custody (Doc. 1)* be **DENIED** and that Case No. CIV-07-0153 be **DISMISSED with prejudice**.


_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[22]*See Sentencing Minute Sheet (Doc. 18)*, filed in Case No. CR-05-2712.

[23]Mr. Ochoa-Lopez also seems to complain that Judge Parker failed to make individualized findings concerning the scope of the criminal activity that he agreed to undertake and the total amount of drugs that were foreseeable to him. *See Motion (Doc. 1)* at 7.  Because he received the statutory minimum sentence, stipulated that the sentence was appropriate, and also stipulated that he was responsible for approximately 205 kilograms of marijuana,  he cannot show that he was prejudiced by counsel's failure to object to the lack of individualized findings. *Cf. United States v. Sells*, 477 F.3d 1226, 1242 (10th Cir. 2007) (remanding for the trial court to make these individualized findings because it was possible that the defendant could receive a lesser sentence).